UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
CLEVELAND DIVISION

| | |
|---|---|
| LISA A. SHELLY, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:24-cv-00960 |
| CREDIT REPAIR RESOURCES, LLC. | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

**NOW COMES** LISA A. SHELLY ("Plaintiff"), by and through the undersigned counsel, complaining as to the conduct of CREDIT REPAIR RESOURCES, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Credit Repair Organizations Act ("CROA"), pursuant to 15 U.S.C. §1679, the Pennsylvania Credit Services Act ("PCSA") under 73 P.S. § 2181, and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("PUTPCPL"), pursuant to 73 P.S. § 201-1, stemming from Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant is domiciled in the Northern District of Ohio, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Ohio.

**PARTIES**

4. Plaintiff is a natural person and a consumer over 18 years-of-age, residing in Douglasville, Pennsylvania.

5. Defendant is a credit repair organization which provides consumer credit repair services to its clients under the guise that its services go towards reestablishing and assisting consumers with their credit troubles.1 Defendant is a limited liability company that offers its services nationwide, including Pennsylvania, with its registered agent address located at 5001 Mayfield Road, Suite 201, Lyndhurst, Ohio 44124.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. In or around August 2023, Plaintiff sought to purchase a home but had a number of outstanding consumer debts which were negatively impacting her credit ("subject debts").

8. Seeking to improve her overall credit worthiness and obtain a home mortgage, Plaintiff begin looking for companies who may be able to assist her in improving her credit and resolving her obligations.

9. Subsequently thereafter, Plaintiff found Defendant due to its representations that it could help consumers resolve their obligations by negotiating with creditors to reduce its client's subject debts and to remove creditors from her consumer credit reports.

10. Plaintiff spoke with Defendant who advised that it would be able to settle her obligations by negotiating with creditors to reduce her outstanding debts and to remove creditors

---

[1] https://www.crr760.com/ (Last visited December 15, 2023).

from her consumer credit reports, and that in order to do so, Plaintiff would need to make monthly payments over a certain period of time, which would go towards Defendant resolving her obligations.

11. On August 30, 2023, after discussing specific plans to address such debts, Defendant promised Plaintiff that its services would be able to settle her subject debts with all her creditors and increase her credit worthiness. Plaintiff then entered into a contract with Defendant for the provision of credit repair services.

12. Specifically, Plaintiff was enrolled in Defendant's "Credit Ready Track" service package, which charges Plaintiff "[o]ne payment after First Work" followed by monthly payments of $139.[2]

13. Per the agreement, Plaintiff paid an initial fee of $400, followed by monthly payments of $139 monthly in exchange for Defendant's services of negotiating with her creditors and settling her debt.

14. Shortly thereafter, Plaintiff was instructed to perform many of the credit repair services Defendant represented it would perform. Despite Defendant charging Plaintiff an initial fee to perform its services, Plaintiff proceeded to conduct the services Defendant promised it would do on her behalf.

15. After 3 months, Plaintiff discovered negative marks continued to impact her consumer credit reports and that her score had only decreased since enrolling in Defendant's services.

16. Upon contacting Defendant about its deficient services, Defendant gave Plaintiff the run around and told her that it was handling her debts. Plaintiff detrimentally relied on

---

[2] https://www.crr760.com/packages/ (Last visited December 15, 2023).

Defendant's promises because after 3 months, Defendant failed to settle or resolve Plaintiff's subject debts and increase her credit score as it promised.

17. Throughout their dealings, Defendant deceptively and misleadingly strung Plaintiff along, telling her what she wanted to hear in order for her to keep making payments, only to turn around and fail to deliver on the promises and representations that induced Plaintiff's continued participation in Defendant's credit repair services.

18. Defendant promised Plaintiff that her debts would be handled with care and that all of her subject debts would be settled with Plaintiff's creditors.

19. Despite telling Plaintiff it would negotiate with creditors to settle her outstanding debts, Defendant failed to engage with Plaintiff's creditors. As such, Plaintiff's subject debts were not settled and caused her credit score to drop significantly.

20. Despite making timely monthly payments, Defendant did not properly handle Plaintiff's enrolled debts that she wanted addressed.

21. In November 2023, dissatisfied with Defendant's deficient credit repair services, Plaintiff cancelled her contract with Defendant and requested a refund for it services.

22. Defendant refused to refund Plaintiff and, instead, retained her payments for credit repair services it ultimately failed to perform.

23. Frustrated, distressed, and concerned over Defendant's conduct, Plaintiff spoke with the undersigned attorney regarding her rights.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, pecuniary loss stemming from the payments made to Defendant for deficient credit repair services, payments made to Defendant

in violation of her state and federally protected interests to be free from deceptive and misleading conduct on the part of purported credit repair organizations and debt management companies.

### COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

27. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

    a. **Violations of CROA § 1679b(a)**

28. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

29. Defendant violated the above referenced provisions of the CROA through its misrepresentations and deception as to the nature of the credit repair services it could provide Plaintiff. In order to get Plaintiff to agree to utilize Defendant's services, Defendant represented

that its services would resolve all of her enrolled debts; however, Defendant failed to follow through on these promises or the services it represented it would perform for Plaintiff.

30. Moreover, Defendant failed to take the necessary steps to fully inform Plaintiff of the nature of its fees. Rather than utilize Plaintiff's payments to fulfill its promises and resolve her subject debts, Defendant charged Plaintiff for third party services and other fees that Plaintiff was not aware of.

   **b.**   **Violation of CROA § 1679b**

31. The CROA, pursuant to 15 U.S.C. § 1679b(b), provides that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

32. Defendant violated § 1679b(b) through its charging and receiving of money for services agreed to perform before such services are fully performed. Despite Plaintiff paying Defendant for various services, Defendant ultimately failed to perform the services it represented it would perform while simultaneously retaining Plaintiff's payments for fees.

**WHEREFORE**, Plaintiff, LISA A. SHELLY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

  a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

  b.  Awarding Plaintiff actual damages, as provided under 15 U.S.C. § 1679g(a)(1);

  c.  Awarding Plaintiff punitive damages, as provided under 15 U.S.C. § 1679g(a)(2)(A);

  d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and,

  e.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE PENNSYLVANIA CREDIT SERVICES ACT

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff is a "buyer" as defined by 73 P.S. § 2182.

35. Defendant is a "credit service organization" as defined by 73 P.S. § 2182.

  **a.**  **Violation of PCSA - 73 P.S. § 2183**

36. The PCSA, pursuant to 73 P.S. § 2183, outlines a list of conduct which credit services organizations are prohibited from engaging in.

37. The PCSA, pursuant to 73 P.S. § 2183(1), provides that credit services organizations may not "Charge or receive any money or other valuable consideration prior to full and complete performance of the services the credit services organization has agreed to perform for or on behalf of the buyer…".

38. Defendant violated the above referenced provision of the PCSA through its charging Plaintiff prior to full and complete performance of its services without reimbursing Plaintiff for its incomplete services.

39. The PCSA, pursuant to 73 P.S. § 2183(4), provides that credit services organizations cannot "make or use any untrue or misleading representations in the offer or sale of the services of a credit services organization or engage directly or indirectly in any act, practice or course of business which operates or would operate as a fraud or deception upon any person in connection with the offer or sale of the service of a credit services organization.".

40. Defendant violated the above referenced provision of the PCSA by making a false and misleading representation when it promised Plaintiff to remove all negative marks on her credit report and increase her overall credit scores but failed to deliver that promise despite Plaintiff's payment to Defendant in detrimental reliance on its promise.

41. Moreover, Defendant misrepresented the nature of its services when it required Plaintiff to perform many services it represented it would complete on her behalf. By instructing Plaintiff to conduct much of her own credit repair services after charging her an initial fee for its services, Defendant deceived Plaintiff and retained her payment for services it never performed.

42. As alleged above, Plaintiff was harmed by Defendant's unlawful practices.

**WHEREFORE**, Plaintiff, LISA A. SHELLY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiff actual damages pursuant to 73 P.S. § 2191;

   c. Awarding Plaintiff punitive damages pursuant to 73 P.S. § 2191;

   d. Awarding Plaintiff's costs and reasonable attorney fees; and,

   e. Awarding any other relief this Honorable Court deems just and appropriate.

**COUNT III – VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW**

43. Plaintiff repeats and realleges paragraphs 1 through 42 as though fully set forth herein.

44. Pursuant to the PCSA under 73 P.S. § 2190(a), a violation of the PCSA constitutes a violation of the PUTPCPL.

45. Defendant therefore violated 73 P.S. § 201-1 through its violations of the PCSA, entitling Plaintiff to further relief.

**WHEREFORE**, Plaintiff LISA A. SHELLY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages, pursuant to 73 P.S. § 201-9.2(a);

c. Award Plaintiff treble damages, pursuant to 73 P.S. § 201-9.2(a);

d. Award Plaintiff reasonable attorney's fees and costs, pursuant to 73 P.S. § 201-9.2(a); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 4, 2024    Respectfully submitted,

/s/ *Marwan R. Daher*
Marwan Rocco Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone: (630) 575-8180
mdaher@sulaimanlaw.com